UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JUSTIN R. BOUCHER, | ) |
| Plaintiff | ) |
| v. | ) 1:25-cv-00184-LEW |
| KENNEBEC COUNTY JAIL, et al., | ) |
| Defendants | ) |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff, who is in custody at the Maine State Prison, filed a complaint against the Kennebec County Jail and other defendants[1] based on conduct that occurred while he was in custody at the jail. (Complaint, ECF No. 1.) In addition to his complaint, Plaintiff filed an application to proceed without prepayment of fees (ECF No. 10), which application the Court granted. (Order, ECF No.12.)

In accordance with the statute that governs actions where a plaintiff proceeds without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

---

[1] Plaintiff also joined the Kennebec County Superior Court, Officer Puzzuto, Dr. Sam, and the Medical Department of the Jail as defendants.

After a review of Plaintiff's complaint, I recommend the Court dismiss Plaintiff's claims, except for his excessive force claim against Defendant Puzzuto.

## FACTUAL ALLEGATIONS

Plaintiff alleges that while he was in custody at the Kennebec County Jail, he was assaulted by Defendant Puzzuto, a corrections officer. According to Plaintiff, Defendant Puzzuto punched him in the face at or around the time Plaintiff was seeking medical attention at a local hospital. Plaintiff suffered a black eye as the result of the assault. Plaintiff asserts that when he "appealed this situation," jail personnel said that Defendant Puzzuto's actions were justified because Plaintiff was resisting. (Complaint at 7.) Plaintiff also alleges that the jail stopped his medication against doctor's orders, which caused him to have seizures. Plaintiff further asserts that jail personnel placed him in a cell "for days" with a mattress stained with feces, blood, and urine. (Attachment to Complaint at 1, ECF No. 1-1.)

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to § 1915, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a

claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

Plaintiff asserts his claims pursuant to 42 U.S.C. § 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

"Section 1983 supplies a private right of action against a person who, under color of state law, deprives another of 'any rights, privileges, or immunities secured by the Constitution

and [federal] laws.'" *Gray v. Cummings*, 917 F.3d 1, 7 (1st Cr. 2019) (alteration in original) (quoting 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To maintain a claim under section 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto-Rivera v. Medina-Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

Plaintiff's claims can reasonably be construed as attempting to allege violations of the Eighth Amendment to the United States Constitution. The Eighth Amendment to the United States Constitution, which applies to the states via the Fourteenth Amendment, prohibits excessive bail, excessive fines, and the infliction of cruel and unusual punishments. U.S. Const. amend. VIII.

The Court assesses Plaintiff's alleged assault as an excessive force claim. A punishment is cruel and unusual if it involves the unnecessary and wanton infliction of pain. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). The question whether a particular use of force "inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 – 7 (1992) (internal quotations marks omitted). A claim of excessive force in violation of the Eighth Amendment "has two components—one subjective, focusing on the defendant's motive for his conduct, and the other objective, focusing on the conduct's effect." *Staples*

*v. Gerry*, 923 F.3d 7, 13 (1st Cir. 2019) (quoting *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009)). Here, while Plaintiff's description of the circumstances regarding the assault is limited, the basic facts alleged—that while Plaintiff was seeking medical assistance, Defendant Puzzuto punched him in the face with enough force to cause Plaintiff to suffer a black eye—are sufficient at this stage of the proceeding to state an actionable excessive force claim.

Plaintiff, however, has not alleged enough facts to support a claim based on the discontinuation of his medication or the condition of his cell. For denial of medication to constitute a constitutional violation a plaintiff must show that "the challenged official action constituted deliberate indifference to a serious medical need." *Mahan v. Plymouth Cty. House of Corrections*, 64 F.3d 14 (1st Cir. 1995) (quotations omitted). To establish constitutional liability, a plaintiff must satisfy both an objective standard, which requires the prisoner to be "incarcerated under conditions posing a substantial risk of serious harm," and a subjective standard, which requires the defendant to have acted, or failed to act, with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834, 836 (1994); *see also*, *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (en banc). A medical need is "serious" if it "has been diagnosed by a physician as mandating treatment, or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Leavitt v. Correctional Medical Services*, Inc., 645 F.3d 484, 497 (1st Cir. 2011) (quoting *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 208 (1st Cir.1990)). Deliberate indifference is akin to criminal recklessness, "requiring actual knowledge of impending harm, easily preventable." *Feeney v. Correctional Medical*

*Services*, 464 F.3d 158, 162 (1st Cir. 2006) (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)).

Plaintiff's assertion that his medication was stopped causing him to experience seizures suggests a serious medical need. The complaint, however, does not include enough facts to support a finding that any of the defendants were aware of impending harm and, nevertheless, stopped the medication. The focus of the subjective component of the deliberate indifference analysis "is on what the jailers knew and what they did in response." *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002). Plaintiff's allegations do not satisfy the subjective component of a deliberate indifference claim.

Unsanitary conditions of confinement can constitute cruel and unusual punishment, with actionable cases involving prolonged exposure to unsanitary conditions, which exposure at a minimum consisted of multiple days. *Hutto v. Finney,* 437 U.S. 678, 686 – 87 (1978) ("[T]he length of confinement cannot be ignored . . . . A filthy, overcrowded cell . . . might be tolerable for a few days and intolerably cruel for weeks or months."). *See*, *e.g.*, *McBride v. Deer*, 240 F.3d 1287, 1292 (10th Cir. 2001) (three days in proximity to human waste without adequate cleaning supplies deemed sufficient to state a non-frivolous claim); *Smith v. Copeland,* 87 F.3d 265, 269 (8th Cir. 1996) (affirming entry of summary judgment where plaintiff was subjected to an overflowed toilet for four days). In this case, Plaintiff's allegation that "for days" the mattress in his cell was stained with feces, urine, and blood is too vague to support a finding that the conditions constitute cruel and unusual punishment. *See Alston v. Spiegel*, 988 F.3d 571 (1st Cir. 2021) ("'If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief

from the realm of mere conjecture,' dismissal is proper.") (quoting *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010)).

Finally, Plaintiff cannot proceed on a claim against the Kennebec County Superior Court or the Kennebec County Jail. *See Henschel v. Worcester Police Dept.*, 445 F.2d 624 (1st Cir. 1971) (dismissing claim under 42 U.S.C. § 1983 against police department because it was not suable entity apart from the municipality). To the extent that Plaintiff's complaint is construed as a claim against Kennebec County, the claim fails. Municipal or governmental entities, like Kennebec County, cannot be vicariously liable for a constitutional deprivation simply because the deprivation was caused by an employee. *Welch v. Ciampa,* 542 F.3d 927, 941 (1st Cir. 2008) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978)). For a governmental entity like Kennebec County to be liable for a constitutional deprivation, the plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997). Plaintiff has not alleged the existence of a policy or custom that would serve as a basis for the liability of Kennebec County. Accordingly, even if the Court were to construe Plaintiff's complaint as an attempt to assert a claim against Kennebec County, Plaintiff has not alleged an actionable claim against Kennebec County.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss Plaintiff's claims, except for his claim for excessive force against Defendant Puzzuto.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 18th day of December, 2025.