UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JUSTIN R. BOUCHER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25-cv-184-LEW |
| | ) | |
| KENNEBEC COUNTY JAIL et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON RECOMMENDED DECISION**

On December 18, 2025, United States Magistrate Judge John C. Nivison filed with the court, with a copy to Defendant, his Report and Recommended Decision (ECF No. 18) on Plaintiff's Complaint (ECF No. 1). Magistrate Judge Nivison recommends that Plaintiff's claims be dismissed except for his claim against Officer Puzzuto for excessive force. The Plaintiff, who is proceeding pro se, filed a timely Objection to the Recommended Decision on January 16, 2026 (ECF No. 19). Plaintiff objects to the dismissal of his claim involving the withdrawal of medication, providing additional details about his complaint against "Dr. Sam" of the Kennebec County Jail, where he was formerly detained and allegedly was cut off of methadone by means of a "precipitated" Suboxone withdrawal that caused severe pain and a seizure. Plaintiff also asks that his case be expanded by way of his Objection so that he can also proceed on civil rights claims against personnel of the Maine Correctional Center and the Maine State Prison.

1

I have reviewed and considered the Recommended Decision, the Objection, and the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision. I concur with the recommendations of the United States Magistrate Judge that the original complaint failed to state a claim other than the excessive force claim against one Officer Puzzuto of either the Kennebec Courty Jail or the Kennebec County Sheriff's Office.  However, construing Plaintiff's Objection as a supplemental pleading, I conclude summarily in the screening context that the pleadings now appear to contain the minimum allegations needed to state a claim under 42 U.S.C. § 1983 against "Dr. Sam," who works at the Kennebec Couty Jail, for alleged deliberate indifference to Plaintiff's serious medical need.  I make this observation, however, without prejudice to a motion to dismiss, as the screening review process is a cursory assessment only.

To the extent Plaintiff requests in his Objection that this case grow to include additional defendants who work at other jail facilities and based on other alleged facts and circumstances, the request is denied because there is no evident reason why those proposed defendants would be properly joined in this case against Officer Puzzuto and Dr. Sam. *See* Fed. R. Civ. P. 20.  If Plaintiff is determined to proceed on those other matters, he may do so through separate complaints and will need to consider the filing fees associated with the commencement of those new cases.  For present purposes, I have denied proceeding on those claims against those defendants *in this case* based on improper joinder.  I have not independently screened the allegations and provide no prediction whether Plaintiff has stated viable claims against those other proposed defendants.  If Plaintiff files one or more

additional complaints, and proceeds once more without prepayment of the filing fee, his allegations will be screened at that time and those claims may be dismissed for failure to state a claim, with Plaintiff being liable to pay the new filing fees in installments.

Plaintiff also requests appointment of counsel at this time.  That request is DENIED, without prejudice to a renewed request at a later stage of the case.

In summary, it is ORDERED that the Recommended Decision of the Magistrate Judge is ADOPTED IN PART and DENIED IN PART (ECF No. 18).  Specifically, the case will proceed against Officer Puzzuto, as recommended.  Additionally, the case will proceed against Dr. Sam based on Plaintiff's supplemental allegations, but exclusively under § 1983 and not under Maine malpractice law.[1]  As to all other defendants mentioned in the original complaint, the Recommended Decision is  ADOPTED and such defendants will not be served and the associated claims are dismissed without prejudice for failure to

---

1 As the Magistrate Judge explained in a different case:

> Under the Maine Health Security Act (MHSA), "a plaintiff seeking to bring a medical malpractice claim must first notify the defendant of the claim, file the notice in court, and present the claim to a prelitigation screening panel." *Stewart v. Mason*, No. 1:21-cv-00321, 2022 WL 1997213, 2022 1997213, at *2 (D. Me. June 6, 2022) (citing *D.S. v. Spurwink Servs., Inc.*, 2013 ME 31, ¶ 18, 65 A.3d 1196, 1200); *see also* 24 M.R.S. § 2903. The MHSA applies to cases where the health practitioner is providing care to a person who is incarcerated. *See*, *e.g.*, *Demmons v. Tritch*, 484 F. Supp. 2d 177, 179 (D. Me. 2007).  When a medical malpractice claim is brought prior to satisfying the prelitigation screening prerequisite, it is proper for the court to dismiss the state action without prejudice. *See*, *e.g.*, *Hill v. Kwan*, 2009 ME 4 ¶¶ 5–6, 962 A.2d 963, 965–66.

*Carleton v. Piscataquis Cnty. Jail*, No. 1:23-cv-00253-JAW, 2023 WL 5271985, at *5 (D. Me. Aug. 16, 2023), *report and recommendation adopted,* 2023 WL 5834803 (D. Me. Sept. 8, 2023).

state a claim.  As to the proposed new claims described in the Objection that concern occurrences at other institutions than the Kennebec County Jail, the request to amend the complaint is DENIED.

As for the filing fee for this case, the Court has already granted leave for Plaintiff to proceed without prepayment of the filing fee or the costs of service.  The Court advised Plaintiff that he is still required to pay the filing fee over time, per 28 U.S.C. § 1915(b)(1).  Defendant's request to be relieved of that burden is DENIED (ECF No. 20).

The Court will now see to the service of Dr. Sam and Officer Puzzuto.  Those defendants will then have some time to answer Plaintiff's allegations before anything further is required of Plaintiff.  *See* Fed. R. Civ. P. 12.

SO ORDERED.

Dated this 25th day of March, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge

4