UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JUSTIN R. BOUCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25-cv-00184-LEW |
| | ) | |
| KENNEBEC COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION**

Following a preliminary review of Plaintiff's complaint, the Court authorized service of the complaint on two defendants, including an individual identified by Plaintiff as Dr. Sam. The U.S. Marshal's service was unable to locate Dr. Sam and returned the summons for Dr. Sam unexecuted.

On August 7, 2026, the Court issued an order regarding service, which advised Plaintiff that if he wanted to proceed with his claim against Dr. Sam, by August 28, 2026, he must provide the court with an updated address or location at which Dr. Sam could likely be served. (Order, ECF No. 28.) The order further stated that the Court could dismiss the matter if Plaintiff failed to provide the service information by August 28.

As of the date of this order, Plaintiff has not provided the service information or otherwise communicated with the Court regarding service. Because Plaintiff has not provided the service information in accordance with the Court's order, unless Plaintiff provides the information within the time to file objections to this recommended decision,

I recommend that the Court dismiss Plaintiff's claim against Dr. Sam.

## DISCUSSION

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)). Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's order.

Here, even though Plaintiff has had more than two months to provide the service information as the Court ordered, Plaintiff has not provided the information and has not communicated with the court in any way regarding service of Dr. Sam. Plaintiff's lack of response to the Court's order and his failure to communicate regarding service can reasonably be viewed as a failure to prosecute. Dismissal of Plaintiff's claim against Dr. Sam, therefore, is warranted.

## CONCLUSION

For the reasons explained above, I recommend that the Court dismiss Plaintiff's claim against Dr. Sam unless within the time to file objections to this recommended decision, Plaintiff provides the court with a location or address at which Dr. Sam can likely be served.

## NOTICE

A party may file objections to those specified portions of a magistrate

judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S Magistrate Judge

Dated this 22nd day of October, 2026.